# The Atkin Firm, LLC

Attorneys at Law

55 Madison Avenue, Suite 400
Morristown, NJ 07960

400 Rella Boulevard, Suite 165
Suffern, NY 10901

By: John C. Atkin, Esq.*
---
* Member of NJ, NY, and PA Bar

Tel: (973) 314-8010
Fax: (833) 693-1201
Email: JAtkin@atkinfirm.com

March 7, 2022

**VIA ECF**

Hon. Robert M. Levy, U.S.M.J.
U.S. Dist. Court Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

> **Re:   Strike 3 Holdings, LLC v. John Doe infringer identified as using IP address**
> **74.72.24.181**
> **Dkt. No. 1:21-cv-00792-WFK-RML**

Judge Levy,

As Your Honor is aware, I represent Plaintiff Strike 3 Holdings, LLC ("Plaintiff") in the above-referenced matter.   Please accept this letter as the status report required by Your Honor's February 18, 2022 text order.

By way of background, this matter was initiated against a John Doe party after which Plaintiff promptly sought, and was granted, leave to conduct limited early discovery to identify the subscriber assigned the IP address used to engage in the infringement of Plaintiff's copyrighted works.  After the ISP responded to the subpoena, Plaintiff filed a redacted version of its Amended Complaint on August 19, 2021, D.E. 10, and sought leave to file unredacted versions of that document (and other that identify Defendant) as "*ex parte*" documents (due to Defendant's presumed privacy interests), D.E. 11, which this Court granted on August 27, 2021.

On September 9, 2021, Plaintiff sought an extension of the deadline to effect service of process in this matter, D.E. 16, which this Court granted on September 13, 2021.  After numerous good faith efforts to effect personal service failed, Plaintiff effected service of process in this matter using New York's "affix-and-mail" service method. D.E. 17, 18; *see* Fed. R. Civ. P. 4(e)(1); NY CPLR § 308(4). The posting occurred on September 28, 2021, and the mailing occurred on September 29, 2021. Pursuant to NY CPLR § 308(4), service was not "complete" until ten days after Plaintiff filed its proof of service, which occurred on October 7, 2021. D.E. 17, 18. Accordingly, service was not "complete" until October 18, 2021, and Defendant's response to the First Amended Complaint was originally due on November 8, 2021. Fed. R. Civ. P. 6(a), 12(a).

Hon. Robert M. Levy, U.S.M.J.
March 7, 2022

On October 19, 2021, Defendant sought a first extension of the deadline to respond to the First Amended Complaint, with Plaintiff's consent, due to confusion over the effective date of service.  D.E. 19.  The Court granted that request and extended the deadline to December 8, 2021.

On December 7, 2021, Defendant sought a second extension of the deadline to respond to the First Amended Complaint, with Plaintiff's consent, due to health issues.  D.E. 22.  The Court granted that request and extended the deadline to January 7, 2022.

On January 11, 2022, Plaintiff contacted Defendant by email to inquire whether he had filed a response to the First Amended Complaint and, if so, requested that he please provide a copy of that document.  From January 12 to January 17, 2022, the parties engaged in series of email communications that included (1) Defendant's request for Plaintiff's consent so that he could file a "pre trial motion" and (2) discussions to share documents subject to a confidentiality agreement as part of settlement negotiations.[1]  Since the response deadline had been extended twice, Plaintiff asked Defendant what the basis of the pre-trial motion would be before providing its consent for a third extension, but that issue was not explored further since the parties' discussion had moved toward a potential settlement.

To date, Defendant has not responded to Plaintiff's last email to Defendant on January 17, 2022, in which Plaintiff outlined various documents it was willing to review, subject to a confidentiality agreement, so that Plaintiff could better evaluate its settlement position.

Plaintiff provided a copy of the Court's February 18, 2022 text order to Defendant on that same date, via email.  On March 3, 2022, Plaintiff provided Defendant with a draft copy of this status report, via email.  On Sunday, March 6, 2022, Defendant responded to Plaintiff, with the enclosed email, after which Plaintiff amended this paragraph before filing this Status Report with the Court.  Plaintiff respectfully clarifies that it did not consent to Defendant's August 7, 2021 extension request because the ISP produced the subpoena response on August 4, 2021.

Plaintiff takes no position on Defendant's request for a third extension to respond to the First Amended Complaint.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ John C. Atkin*

John C. Atkin, Esq.

cc:      John Doe infringer identified as using IP address 74.72.24.181
         (via Email and First Class Mail)
Encl.

---

[1] Plaintiff notes that it is not providing details regarding these settlement discussions for the impermissible purpose of showing the validity/amount of its claim.  F.R.E. 408.